

JUDGE SWEET

12 CV 1833

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No. 2012 CV

------------------------------------------------------------------------x

MARIA PARAMO AND JEANETTE JUSTO,

CLAIMANTS,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT,
POLICE OFFICER WESLEY FRADERA
(Shield 14123, Tax No. 941018), SERGEANT
JOSEPH FAELLO (TAX NO. 919019), POLICE
OFFICER "JOHN DOE" 1-5, BJ'S WHOLESALE
CLUB, INC. AND GATEWAY CENTER MALL
A/K/A THE RELATED COMPANIES, INC.

VERIFIED
COMPLAINT

(Jury Demanded)

RECEIVED
MAR 1 9 2012
U.S.D.C. S.D. N.Y.
CASHIERS

DEFENDANTS.

------------------------------------------------------------------------x

## INTRODUCTORY STATEMENT

1.      This is an action for damages sustained by plaintiff JEANETTE JUSTO, (herein

after referred to as JUSTO, daughter and/or plaintiff) and her mother MARIA PARAMO

(hereinafter referred to as PARAMO, mother and/or plaintiff) against the CITY of NEW

YORK (hereinafter referred to as the CITY and/or defendant), the NEW YORK CITY

POLICE DEPARTMENT, (hereinafter referred to as NYPD and/or defendant), who

through its employees, agents and/or assigns unlawfully assaulted, arrested, prosecuted

and harassed both plaintiffs JEANETTE JUSTO and MARIA PARAMO for personal

injuries and emotional distress suffered and arising from the unlawful acts of the

defendants POLICE OFFICER WESLEY FRADERA A/K/A POLICE OFFICER

FRADEL (Shield 14123, Tax No. 941018), SERGEANT JOSEPH FAELLO (TAX NO.

919019), (hereinafter respectively referred to as FRADERA, FAELLO and/or SGT and

"JOHN DOE" 1-5), and against the CITY, as the supervisory body responsible for the

conduct of the NYPD and BJ'S police officers and for its failure to take corrective action with respect to police personnel for their failure to act, etc. whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, same which is/are sued as a "person" under Title 42 USC 1983; and the actions of the NYPD in continuing to prosecute (maliciously) criminal cases against JEANETTE JUSTO and MARIA PARAMO; in failure to prosecute and/or investigate a case against said defendant police officers and SGT, POLICE OFFICER WESLEY FRADERA, SERGEANT JOSEPH FAELLO, AND POLICE OFFICER "JOHN DOE" 1-5, and/or police officers and/or defendants) who are the actual perpetrators, culprits, etc. and/or fail to remedy the severe penalties/ conditions issued against plaintiffs including the initial assault upon their individual persons, detention and arrests of JEANETTE JUSTO and MARIA PARAMO despite the fact that there was no evidence to base a criminal prosecution and/or defendants' blatant failure to investigate or prosecute and/or arrest the real perpetrators POLICE OFFICER WESLEY FRADERA, SERGEANT JOSEPH FAELLO, AND POLICE OFFICERS "JOHN DOE" 1-5; including but not limited to the fact that the NYPD, having done nothing meaningful to investigate the complaint of the plaintiffs herein including to refer it to a proper investigative authority particularly in regard to the illegal arrests and the egregious assault upon plaintiffs' persons on 3/14/11 which resulted in physical injuries, mental and emotional distress to the plaintiffs, and their family; plaintiffs seek recovery for physical and emotional injuries and for their aforesaid damages, attorney's fees and court costs, etc. THE CITY AND NYPD named for the malicious prosecution of the plaintiffs and its negligence in maliciously

prosecuting the plaintiffs JEANETTE JUSTO and MARIA PARAMO, and negligent failure to monitor their staff and personnel.

2.      The complaint is also made against BJs WHOLESALE CLUB and its management and personnel for their negligent supervision of their management and personnel and other negligence.

3.      Through their negligence and/or their negligent failure to act and/or as to the NYPD to take reasonable and prudent steps to monitor its supervisors and personnel.

<u>JURISDICTION</u>

4.      This action arises under Sections 1981, 1983, 1985 and 1988 of Title 42 of the United States Code, and the First, Fourth, and Eighth Amendments to the Constitution of the United States, and under the Constitution of the State of New York and the laws of the State of New York and the case law arising thereunder in similar 1983 matters, as to complaints against the CITY and Police officers.

<u>PARTIES</u>

5.      At all times relevant to the allegations of this complaint, plaintiff JEANETTE JUSTO is an individual residing at 541 Union Avenue, Apt. 2D, Bronx, NY 10455 with her mother plaintiff MARIA PARAMO, which is located in the Southern District of New York. That at all times hereinafter mentioned, the defendants, CITY and/or its subdivision or department NYPD, was is/are and still is/are a domestic and public benefit corporations, organized and existing under and by virtue of the laws of the State of New York.

6.      That NYPD is on information and belief a City agency owned, operated and/or subject to directives of the defendant CITY.

7.      That at all times relevant to this complaint, or from 3/14/11 and thereafter, said defendants maintained and controlled in furtherance of its/their business by the said defendants, CITY and or its department the NYPD in the Borough of New York, City and State of New York; and was/were responsible for operating/controlling: jails, courts, police, police precincts, and/or their personal employees, and supervisors including police officers.

8.      At all times relevant, defendant NYPD employees, supervisory personnel and the like, specifically perpetrators POLICE OFFICER WESLEY FRADERA, SERGEANT JOSEPH FAELLO, POLICE OFFICERS "JOHN DOE" 1-5 and/or other NYPD police officers, detectives, supervisors and/or personnel at the precinct in question and/or to NYPD Internal Affairs Bureau including but not limited to supervisors, the officers, and/or staff, whose identities are presently unknown to plaintiffs and/or are on information and belief were NYPD personnel, staff, detectives and/or officers employed by the NYPD and/or by New York City Police Department, to perform duties in the City of New York and elsewhere. At all times relevant, defendants above-named were acting in the capacity of agents, servants and employees of defendant CITY and are sued individually and in their official capacity.

9.      At all times relevant, the CITY and/or NYPD is/are a municipal corporation(s) duly formed under the laws of New York State, and/or an agency, subdivision, department, etc. of the City of New York duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York and was the employer and supervisor of defendant NYPD supervisory staff and/or detectives and/or officers.  As such defendant NYPD and CITY

was/were responsible for training, supervision and conduct by said defendant POLICE OFFICERS. Said defendants were also responsible, under law, for enforcing the regulations of the NYPD and/or New York City Police Department and for ensuring that CITY, NYPD, and/or supervisory staff, and personnel, as well as police officers in the employ of the NYPD obey the laws of the State of New York and of the United States and prosecute said laws.

10.     At all times relevant defendant NYPD is/was a municipal corporation or subdivision thereof duly formed under the laws of New York State and/or an agency, subdivision, department, etc. of the defendant CITY OF NEW YORK and was duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York, and was the employer and supervisor of defendant police officers. As such, NYPD was responsible for training, supervision and conduct by defendant POLICE OFFICER(S) and/or supervisory staff, personnel, and the like. Defendant CITY was also responsible, under law, for enforcing the regulations of the New York City Police Department and for ensuring that CITY (City of New York) police personnel obey the laws of the State of New York and of the United States and/or prosecute same.

11.     At all times relevant, defendant POLICE OFFICER WESLEY FRADERA, SERGEANT JOSEPH FAELLO AND POLICE OFFICERS "JOHN DOE" 1-5 are employees of the NYPD and on information and belief were in the employ of the NYPD and working and/or at the time of the said egregious unprovoked assaults and battery, illegal detention and/or arrest of the plaintiffs JEANETTE JUSTO AND MARIA PARAMO. The names and addresses of the said other perpetrators e.g. POLICE

OFFICERS "JOHN DOE" 1-5 as to name and addresses and shield numbers are unknown to plaintiffs and their counsel but on information and belief are known to the CITY and/or NYPD. Defendant CITY is responsible, under law, for enforcing the regulations of the NYPD and the laws of the City and State of New York and for ensuring that co-workers other NYPD personnel, City of New York personnel, etc. obey the laws of the State of New York and of the United States. At all times relevant hereto and in all their actions described herein, said defendant police officers, NYPD personnel, etc. were acting under color of law and pursuant to their authority as NYPD personnel.

12.    On information and belief defendants POLICE OFFICER WESLEY FRADERA, SERGEANT JOSEPH FAELLO AND POLICE OFFICERS "JOHN DOE" 1-5 are citizens and/or reside in the State of New York, and their addresses are unknown to plaintiffs or plaintiffs' attorneys but are known to the defendant CITY and/or NYPD.

Defendant BJ'S is a corporation licensed and registered as a corporation to do business in the in the State of New York with the New York State Secretary of State BJ'S WHOLESALE CLUB d/b/a BJ'S a/k/a BJS hereinafter referred to as BJ's or defendants is on information and belief a Massachusetts corporation with principal offices located at 25 Residence Drive, Westborough, Massachusetts 01581.

13.    GATEWAY is an entity that owns, manages the property/premises and operates commercial stores, parking lots and establishments in the Bronx, NY including but not limited to the GATEWAY COMPLEX located at 610 Exterior Street and on information and belief is a New York Corporation or LLC licensed to do business in the City of New York with the Secretary of State and operates the said group of stores together with parking garages at 610 Gateway Center Boulevard, Bronx, NY 10451 and lists their

offices at Gateway Center Operations (OCC), 610 Gateway Center Boulevard, Suite 100B, Bronx NY 10451. The complex of stores is also known as Gateway Center at Bronx Terminal Market.

## FACTUAL ALLEGATIONS

14.     That NYPD is/are on information and belief owned, operated and/or subject to directives of the defendant CITY and police officer FRADEL is a NYPD police officer duly employed by the NYPD/CITY and resides at a location known to defendant CITY.

15.     That on or about 3/14/11 the plaintiffs JEANETTE JUSTO and MARIA PARAMO were falsely arrested/accused of being allegedly involved in an assault upon police officers and were falsely charged by the New York County District Attorney's office and improperly filed a criminal court complaint against JEANETTE JUSTO, Docket no. 015110C/2011 for:

| PL 240.20 01 | **Violation, 1 count, Arrest charge, Arraignment charge**<br>Description*Dis/con:fight/violent Beh*<br>Indictment Count*4* |
|---|---|
| PL 195.05 00<br>**TOP CHARGE** | **A Misdemeanor, 1 count, Arrest charge, Arraignment charge**<br>Description*Obstrct Gvrnmntl Admn 2nd*<br>Indictment Count*3* |

And against MARIA PARAMO, Docket No. 2011BX015108.

| 140.10 00 | **B Misdemeanor, 1 count, Arrest charge, Arraignment charge**<br>Description*Criminal Trespass 3rd* | C007 | |
|---|---|---|---|
| PL 205.30 00 | **A Misdemeanor, 1 count, Arrest charge, Arraignment charge**<br>Description*Resisting Arrest* | C004 | |
| PL 195.05 00 | **A Misdemeanor, 1 count, Arrest charge, Arraignment charge**<br>Description*Obstrct Gvrnmntl Admn 2nd* | C004 | |
| PL 145.05 00<br>**TOP CHARGE** | **E Felony, 1 count, Arrest charge, Arraignment charge**<br>Description*Criminal Mischief - 3rd* | R007 | |
| PL 140.10 00 | **B Misdemeanor, 1 count, Not an arrest charge, Not an arraignment charge**<br>Description*Criminal Trespass 3rd* | | Pled Guilty, Conditional Discharge 1 Year, Community Service 2 Days |

Date Added06/01/2011

| PL 240.20 01 | **Violation, 1 count, Arrest charge, Arraignment charge** DescriptionDis/con:fight/violent Beh | Pled Guilty, Conditional Discharge 1 Year, Community Service 2 Days |
|---|---|---|

Said criminal court complaint were based on the fraudulent complaints/accusations of the said police officers and the NYPD, JUSTO and PARAMO were vindictively assaulted and then illegally detained and then falsely arrested and/or held/incarcerated, booked, processed, arraigned, falsely imprisoned as per the request of the defendants' NYPD, BJS and/or their police officers and personnel. The plaintiffs were further charged in criminal cases prepared and filed by the District Attorney of Bronx County, the Hon. Robert Johnson D. A. in the Criminal Court of the City of New York, County of Bronx specifically on Docket No. 2011BX015108 and 015110C/2011, respectively in Bronx County on the above noted charges; on information and belief commanding officers or other NYPD personnel at the Bronx precinct made a decision to hold and charge the said Plaintiffs JUSTO and PARAMO. Said criminal complaints were filed on or about 3/14/11. That the initial illegal and/or false arrest and/or false imprisonment of the Plaintiffs on the aforementioned false charges was on or about 3/14/11 based on the egregious assault and battery, intentioned illegal detention and/or arrests and subsequent arraignments of Plaintiffs JUSTO and PARAMO on criminal charges; and then their malicious prosecution at the request of the NYPD personnel in Criminal Court, Bronx County at the behest and request of the defendant police officer(s) and/or BJS personnel and/or the NYPD's and/or BJS and/or GATEWAY negligent supervision including the decision to arraign and maliciously prosecute the plaintiffs JUSTO and PARAMO on false criminal charges.

16.    The Plaintiffs JUSTO and PARAMO as a result of said intentional and/or

negligent acts of defendants were assaulted without provocation and because they were

both illegally detained, falsely accused, falsely arrested, falsely imprisoned, and/or

subjected to intolerable conditions and unacceptable behavior of those who held them in

custody, other intentional and/or negligent acts of defendants and/or on the part of the

defendants included but were not limited to lengthy and intolerable interrogations and

being forcibly held and falsely imprisoned for approximately 30 hours; and then were the

subjects of their malicious prosecution including the continuous adjournments at the

behest of the defendants  or of the plaintiffs JUSTO and PARAMO's criminal cases on

the said criminal charges which increased legal fees for their defense.

17.    Both of the Plaintiffs suffered from the said acts of defendants and/or failure to

act including physical injuries and/or mental and emotional distress. Both of the plaintiffs

were publicly humiliated, physically assaulted and/or abused by the police and arresting

officers; specifically POLICE OFFICER WESLEY FRADERA who struck both of the

plaintiffs. One or more police officers struck both plaintiffs while another police officer

held them from behind and thereafter both plaintiffs were thrown to the ground, picked

up and shoved into the police car even though many bystanders explained vehemently to

the police officers that they were innocent of any wrongdoing and had not violated any

law or ordinance and that the defendant police officers' actions were unwarranted and

uncalled for! The plaintiff was literally suspended over a pedestrian bridge by police

officer FRADERA which caused her extreme emotional distress and potentially could

have resulted in her death. This all occurred at 610 Exterior St., Bronx, NY 10451 in the

County of the Bronx, and State of New York, which is in the Southern District of New

York and was witnessed by dozens of bystanders who actually called 911 to describe the

illegal unwarranted, unconscionable actions and behavior of the police officers towards

JUSTO and PARAMO. ~~The plaintiff PARAMO was so physically injured that the police~~

~~~~ Thereafter the arresting

officers continued to harass and annoy both plaintiffs at the precinct until plaintiffs were

brought to Bronx central booking and to Bronx Criminal Court for arraignment. The

Plaintiffs both immediately became ill and remained in an infirm state and were assaulted

by CITY employees and otherwise physically abused while incarcerated and were not

afforded adequate medical attention and/or treatment. Both Plaintiffs were deprived of

their liberty, and/or lost companionship of family and friends. Both Plaintiffs now have a

record of an arrest and this may interfere with their future life e.g. career, to find work.

Both plaintiffs were forced to incur legal and medical expenses and the like, etc., etc.

Specifically JEANETTE JUSTO has to seek medical treatment from doctors and medical

providers was seen and treated (she was treated after her release) and various doctors and

clinics.

18.    On information and belief the CITY OF NEW YORK has negligently failed to

properly administer it's agencies and/or departments and the like in regard to the

supervision and control over police officers who accuse and arrest citizens and directly

effect those accused, detained, arrested, and/or incarcerated and in particular the Plaintiff

JUSTO and her mother the plaintiff PARAMO.  The said negligence of the CITY has

contributed and/or is responsible for the incident that occurred- the continued prosecution

and mistreatment of the plaintiffs' injuries.

19.     On information and belief the BJS has negligently failed to properly administer it's agencies and/or departments and the like in regard to the supervision and control over police officers who accuse and arrest citizens and directly affect those accused, detained, arrested, and/or incarcerated and in particular the Plaintiff JUSTO and her mother the plaintiff PARAMO.  The said negligence of BJS has contributed and/or is responsible for the incident that occurred- the continued prosecution and mistreatment of the plaintiffs' injuries.

20.     On information and belief GATEWAY has negligently failed to properly administer it's agencies and/or departments and the like in regard to the supervision and control over police officers who accuse and arrest citizens and directly affect those accused, detained, arrested, and/or incarcerated and in particular the Plaintiff JUSTO and her mother the plaintiff PARAMO.  The said negligence of GATEWAY has contributed and/or is responsible for the incident that occurred -the continued prosecution and mistreatment of the plaintiffs' injuries.

21.     On information and belief defendants, CITY, NYPD, negligently failed to train, supervise, or provide officers, personnel and/or superiors to supervise and/or control the administration of justice.  That as a result of the said negligence the plaintiffs suffered.

22.     On information and belief defendant BJS negligently failed to train, supervise, or provide officers, personnel and/or superiors to supervise and/or control the administration of justice.  That as a result of the said negligence the plaintiffs suffered.

23.     On information and belief defendant GATEWAY negligently failed to train, supervise, or provide officers, personnel and/or superiors to supervise and/or control the administration of justice.  That as a result of the said negligence the plaintiffs suffered.

24.    The Plaintiffs JEANETTE JUSTO and MARIA PARAMO not only were falsely arrested and accused by the NYPD but were incarcerated (held at a police precinct and in 'the pens' at Bronx central booking) as well; the plaintiffs were severely beaten by the arresting officer(s) and this beating on information and belief was witnessed by countless passersby when they were illegally arrested on the walkway between BJs and the parking lots supervised by GATEWAY. On information and belief, the NYPD negligently terminated their requisite NYPD INTERNAL AFFAIRS investigation. That the NYPD INTERNAL AFFAIRS BUREAU is a division of the NYPD and was aware of complaints made by plaintiffs JUSTO and PARAMO and their family and the general public of the unconscionable beating of the plaintiffs JUSTO and PARAMO. On information and belief defendants CITY/NYPD deliberately failed to conduct a thorough unbiased investigation and/or to render a fair report(s).

25.    That on information and belief the Defendants N. Y. P. D., it's police officers, detectives, agents and the like, including the NYPD Internal Affairs had information, specifically 911 calls from cell phones and the like indicated that excessive force was utilized by the arresting police officers.  On information and belief said cell phone calls were recorded and gave recordings clearly spelled out accounts by unbiased eyewitnesses that the Plaintiffs JUSTO and PARAMO were innocent and were not involved in the crimes that they were falsely charged with when they were egregiously and without provocation assaulted by the police specifically police officer FRADERA and needlessly falsely arrested and imprisoned and maliciously prosecuted. The NYPD and/or NYPD INTERNAL AFFAIRS intentionally and/or negligently withheld information from the police, the court, the plaintiffs and their family and friends, and their defense attorneys

that would have exonerated the Plaintiffs and/or should have resulted in their immediate releases and dismissal of their respective criminal cases (prosecution).

26.    That on information and belief the NYPD and individual Police Officers and/or NYPD INTERNAL AFFAIRS BUREAU did everything possible to prevent these Plaintiffs JUSTO and PARAMO from being released and/or that the charges be dropped/dismissed against them, despite possessing the information and/or the said evidence that exonerated both of them and established that both were innocent.

27.    That on information and belief the Defendants N.Y. P.D, the individual police officers intentionally did the aforementioned acts to keep the Plaintiffs JUSTO and PARAMO under threat of criminal charges and facing jail with the JUSTO that the Plaintiffs JUSTO and PARAMO could not defend themselves on the criminal cases and either plead to a lesser charge and/or not be able to sue the CITY and/or the NYPD and/or co-defendants.

28.    That the Plaintiffs JUSTO and PARAMO were each initially held as a prisoner against their will in detention cells/jail for approximately 2 days and both were effectively prevented from enjoying their freedom and companionship of friends and family. Both the plaintiff JUSTO and PARAMO were severely injured and needed medical attention and both still suffer from the injuries that they sustained because of the beatings they received from the police officers. Both plaintiffs were traumatized emotionally and physically injured and emotionally injured. Both plaintiffs were deliberately punched and/or struck about their bodies by one or more police officers even though they had committed no crime. That there were many eyewitnesses who called on their cell phones to complain about the police violence against the plaintiffs. Needless to

say both plaintiffs were "put through the system". On information and belief the plaintiff

mother was emotionally affected by the said assault on her daughter and both plaintiffs

and have valid claims.

29.     That on information and belief the NYPD, soon after the arrest of the Plaintiffs

JUSTO and PARAMO, and/or the events that the Plaintiff JUSTO and PARAMO were

arrested for became aware that all video tapes from nearby that were available and

realized plaintiffs attorneys could have proof or evidence and/or information that the

Plaintiffs were innocent and/or that there were eyewitness accounts exonerating the

plaintiffs and that JUSTO and PARAMO were not involved in the crimes alleged other

that the fact that they were present at the location at the time and/or that the videos

demonstrate the police officer(s) used excessive force on arresting the plaintiffs.

30.     That on information and belief, the defendants deliberately opposed plaintiffs'

counsel's application to subpoena records before the Criminal Court of the City of New

York, Bronx County but asked to adjourn defendants' criminal matters and in effect keep

their criminal cases on the court docket under criminal charges, despite the knowledge

that plaintiffs were innocent.

31.     On information and belief the actions of the police were intentionally done to

harass and annoy and interfere with the plaintiffs JUSTO and PARAMO and their

attorneys' defense of their criminal cases to convince them to plead guilty to a lesser

charge(s) and to cover up the illegal police conduct. Said actions were unconscionable

and violated the plaintiffs' constitutional rights of due process, right to counsel and fair

trial under the United States and New York State Constitutions. Just as the egregious

assault(s) on the plaintiffs' without provocation and then their illegal detention, initial

false arrests, and the interrogations of the defendants and subsequent false imprisonment
and malicious prosecution violated their constitutional rights under the New York State
and Federal Constitutions including but not limited to their right to due process of the
law.

32.     The said defendants are liable for the intentional torts denoted in this complaint;
their negligence for false arrest, false imprisonment, intentional infliction of mental
distress and for prima facie tort in that there was the deliberate withholding of evidence
and/or deliberate failure to investigate, falsification of criminal charges and acquire same
in on information and belief the destruction and/or failure to production of evidence that
could have exonerated plaintiffs and/or that the said defendants are liable for their
negligence and/or were negligent for their said actions and/or failure to act and/or are
liable for fraud, false arrest, false imprisonment, malicious prosecution, negligence and
all other claims denoted in the initial notice of claim that is incorporated in the instant
complaint.

33.     That said false arrest, false imprisonment and malicious prosecution of the
Plaintiffs was void on its face and/or became obvious when the evidence was obtained by
defendants (e.g. Internal Affairs Bureau and/or police/ District Attorney Bronx County),
exonerating the plaintiffs.

34.     That on information and belief the defendants fraudulently and/or knowingly
withheld from the Plaintiffs, their family and/or their attorneys; the court and District
Attorney's office of Bronx County and any and all information in their possession that
would have exonerated the plaintiffs and would have resulted in the prompt dismissal of
the criminal charges and reinstatement of their rights; that the said knowing and

fraudulent actions by the defendants in the continued false and illegal prosecutions of the Plaintiffs and resulted in the physical, mental, and emotional distress that the plaintiffs endured the acts of the defendants and/or other acts noted herein establishing their liability for fraud.

35.    That the foregoing acts of the defendants negatively effected the reputations of the Plaintiffs and caused them emotional disturbance and distress.

36.    That plaintiffs were held in custody in the detention cells of the police station; and then held in the detention cells and/or a jail(s) maintained by the defendant(s) CITY, NYPD, e.g. Dept. Of Corrections and/or detention facilities CITY maintained by the CITY.

37.    That as a result of the foregoing acts of the defendants the Plaintiffs JUSTO and PARAMO and/or their family were compelled to retain counsel and/or expend monies for the defense/ representation/ and/or attempts to secure the release of Plaintiffs and etc., and will continue to be obligated for legal expenses in the future. Plaintiffs retained Stuart R. Shaw to represent JUSTO in her defense of her criminal case. Both plaintiffs lost time from work.

38.    That a notice of claim and/or notice of intention to sue was duly served upon the defendants within 90 days after the said cause of action of the plaintiff "accrued". The Notice of Claim reads as follows:

PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER "JANE DOE"AND POLICE OFFICER "JOHN DOE" as follows:

1.    The name and address of each claimant and claimants attorney is:

MARIA PARAMO

JEANETTE JUSTO
541 Union Avenue, Apt. 2D
Bronx, NY 10455

STUART R. SHAW, ESQ.
30 West 95th Street, 1st Fl
New York, N. Y. 10025
(212) 661-6750

The nature of the claim: The claimant JEANETTE JUSTO, hereinafter referred to as
JUSTO or CLAIMANT(S) or ARRESTED PERSON, and MARIA PARAMO
hereinafter referred to as PARAMO or CLAIMANT(S) or ARRESTED PERSON(S)
was/were falsely detained, arrested and accused of being involved in crime(s), etc. etc. by
the New York City Police Dept. hereinafter referred to as NYPD and on information and
belief the District Attorney of Bronx County. Specifically police officers of the Precinct
in Bronx County including but not limited to off duty POLICE OFFICER FRADEL,
POLICE OFFICER "JOHN DOE" 1-5 and SARGEANT "JOHN DOE", and/or other
police officers or detectives of the NYPD on or about 3/14/11 at or about 1930 hours
(7:30 p.m.) at or about the pedestrian bridge at BJ's WHOLESALE CLUB, 610 Exterior
Street, Bronx, NY 10451 at GATEWAY CENTER MALL;. Illegally detained,
interrogated, arrested or falsely accused the said claimants and physically assaulted. That
the aforesaid acts, the initial illegal detention, false arrest and false imprisonment of the
ARRESTED PERSONS/Claimants JUSTO and PARAMO on the aforementioned false
charges was on or about 3/14/11; that the ARRESTED PERSONS/Claimants JUSTO and
PARAMO was/were falsely arrested, accused, imprisoned, and subjected to intolerable
conditions and unacceptable behavior on the part of the defendants including but not
limited to a vicious unprovoked humiliating physical assault upon the claimants' persons
where the said police officers literally for no just reason attacked both claimants who
have absolutely no prior criminal history and injured her in several places and then beat
them unmercifully including raining blows all about their body causing abrasions and
contusions and the like and thereafter without properly giving Miranda warnings
subjected them to lengthy and intolerable interrogations, being humiliated, booked,
fingerprinted, photographed, put in a cell, not permitted to consult with their attorney, not
provided their MIRANDA rights/ warnings, etc.; that they was not given medical
attention (claimants went to Lincoln Hospital ER after their release). That they remained
in said incarcerated condition until 3/15/11 when they were finally arraigned having been
held under intolerable conditions at a precinct and not brought down to Criminal Court on
161st Street until literally hours when they had to post bail and/or pay for an attorney.
Bogus criminal charges were brought against them still existant.

3.       Claimant PARAMO mistakenly took the advice of a legal aid attorney in part
because she does not read, speak or write English, Spanish is her first language and pled
to an ACD. Claimants JEANETTE JUSTO and MARIA PARAMO the ARRESTED
PERSONs on or about 3/14/11 the claimants were physically assaulted by 1 or more
police officers. The other officers will be named as JOHN DOES 1-5 and both were
actually struck in her face when all she was doing was trying to leave BJ's. The claimants
were forcibly removed on information and belief to a local Precinct. Then not brought to

Criminal Court at 161st Street in the Bronx for arraignment until on information and belief over 24 hours after the arrest and therefore on information and belief they were each held for more than 30 hours.

Both claimants sought medical attention after their release and will have to continuously seek medical attention for their permanent injuries and other injuries that they suffered.

4.     At approximately 7:30 PM on 3/14/11 the said off duty police officer beat the claimants and police officers cuffed the claimants and later took JUSTO and PARAMO to the precinct to a cell where they were each placed in custody against their will. Claimants were thoroughly searched everywhere about their persons and photographs were taken they were placed in a holding cell that was filthy and dirty and stunk of urine and feces and kept there for awhile and then they were cuffed again and police took them to be arraigned before a judge at 161st Street. JUSTO must continue to defend criminal actions and JUSTO has retained Stuart R. Shaw, Esq. to represent her and will and has incurred legal fees and expenses. Both claimants have sought legal counsel and are responsible for legal fees and disbursements.

5.     *The Claimants JUSTO and PARAMO not only were illegally detained, they were falsely arrested and accused by the NYPD both were incorrectly accused when they was arrested as having been involved in alleged crimes e.g. the false accusation that they resisted arrest. The claimants JEANETTE JUSTO and PARAMO were incorrectly negligently charged by the BRONX COUNTY District Attorney and/or the NYPD and were negligently incarcerated before they appeared in the court on the said Criminal Court cases the aforementioned negligent actions of the NYPD and the BRONX COUNTY District Attorney by said negligent incorrect accusations against these Claimants JUSTO and PARAMO and has caused serious repercussions and damaged the Claimants. For instance both Claimants were separated from their family, children, friends and etc. and the fact that they both were incarcerated made it difficult for their relations to locate them in the Criminal Justice system including why and where they were incarcerated.

6.     That on information and belief the Defendant N. Y. P. D. its police officers, detectives, agents and the like, and/or the District Attorney's office had information that these Claimants JUSTO and PARAMO were innocent and not involved in the crimes that they was alleged to have committed, but intentionally withheld information from, the claimants JEANETTE JUSTO and PARAMO and/or their legal aid/assigned counsel from the onset and/or should have resulted in their immediate release and/or to cover up the fact that they had been assaulted and beaten 2 defenseless women without a criminal record. That on information and belief the Police and/or District Attorneys office did everything possible to prevent these Claimants JUSTO and PARAMO from being released and/or timely released and/or that the charges be immediately dropped against them; that on information and belief the Defendants N.Y.P.D and/or the District Attorney's office intentionally did the aforementioned acts to keep the Claimants JUSTO and PARAMO "on ice"; that the Claimants JUSTO and PARAMO were held as prisoners against their will on 3/14/11 until their release and were prevented from being with their family/children from the time of their illegal detention and false arrest and incarceration.

7.     That the Claimants JUSTO and PARAMO were negligently held by the defendants in spite of the fact that the Claimants JUSTO and PARAMO were innocent. That neither Claimants JUSTO and PARAMO were a perpetrator of any crime. This all

caused them and their families severe mental and emotional distress, etc. etc. Personal belongings were lost and/or damaged and otherwise affected by the unreasonable search by the police that resulted in them finding no contraband or evidence to support their allegations against JUSTO and PARAMO. This was not a consent detention, search, arrest or incarceration

8.  The time when, the place where and the manner in which the claim arose: see above- 3/14/11, at or about at the exit from the BJ's store and/or bridge connecting to the parking lot of GATEWAY CENTER    MALL, 7:30 PM. Claimants JUSTO and PARAMO were illegally detained, falsely arrested without an arrest or search warrant

9.  The items of damage or injuries claimed are one million ($1,000,000.00) dollars for each

claimant on each legal cause of action see above numbers 1, 2 & 3:

1.  Negligence
2.  False arrest
3.  False Imprisonment
4.  Intentional infliction of mental distress
5.  Prima facie tort
6.  Fraud
7.  Abuse of Process
8.  Filing a false complaint and/or attempt and/or conspire to file false complaint, fraud, etc., committing said illegal act(s)
9.  Malicious Prosecution
10. Assault and Battery
11. Prima Facie Tort
12. Breach of Contract as to BJ's and/or GATEWAY CENTER MALL

10.    The Claimant(s) suffered mental and emotional distress, the Claimants JUSTO and PARAMO were physically, assaulted and/or abused by the arresting officers. The Claimants JUSTO and PARAMO became ill while incarcerated and were not afforded adequate medical attention and/or treatment. Claimants JUSTO and PARAMO were deprived of their liberty, the ability to earn a living and suffered lost earnings, deprived and/or lost companionship of family and friends. Claimants JUSTO and PARAMO now on information and belief each have a record of an arrest, and this may interfere with any subsequent application for jobs etc, the claimants were forced to incur legal and medical expenses and the like etc., etc. Each Claimant suffered mental and emotional distress etc.

11.    AMOUNT CLAIMED: One Million ($1,000,000.00) dollars for each individual claimant against each defendant individually for each cause of action in negligence, false arrest, false imprisonment, fraud, intentional infliction of mental distress, prima facie tort, abuse of process, filing a false complaint, malicious prosecution, assault and battery, and etc. in favor of each individual claimant against each individual defendant and for Punitive Damages $1,000,000.00 against each Defendant in favor of each claimant, and for Compensatory Damages $1,000,000.00 against each Defendant in favor of each claimant (mother and infant child).

TOTAL AMOUNT CLAIMED: $ 24,000,000.00."

39.    That more than thirty days have elapsed since the service of the said notice of claim and/or notice of intention to sue upon defendants.

40.    That the defendant CITY and its comptroller and/or counsel have failed, neglected and refused to pay, settle, compromise or adjust the claim of the plaintiff herein.

41.    That this action has been commenced within one year and ninety days after the cause of action of plaintiff accrued; notice of claim was served personally and by certified mail, the plaintiff will purchase the summons on or about 9/29/10 and will serve all of the defendants.

42.    The defendants never conducted a complete 50H deposition of plaintiffs through their own negligence in that they refused to permit both plaintiffs in the deposition at the same time.

43.    That at all times relevant to this complaint, or from on or about 3/14/11(the date of the incident complained of prior thereto) and thereafter, said defendants CITY maintained and controlled in furtherance of its/ their business by the said defendants, CITY and NYPD in Bronx County, City and State of New York and was/were responsible for operating/ controlling: precincts, precinct districts, high precincts, prosecution of Criminal court cases, jails, courts, police, police precincts, Internal Affairs Bureau, and/or their personnel and employees, and the like.

44.    As a result of their treatment at the hands of the defendants' (in particular the NYPD and POLICE OFFICER WESLEY FRADERA, SERGEANT JOSEPH FAELLO, POLICE OFFICER "JOHN DOE 1-5") plaintiffs JEANETTE JUSTO and MARIA PARAMO suffered physical and mental injury, pain, humiliation and emotional distress, in addition to loss of liberty, etc. etc.

45.    Upon information and belief, the abuse to which the plaintiffs were subjected was

consistent with an institutionalized practice of the NYPD of the City of New York

(CITY), which was known to and ratified by defendant City of New York (CITY), said

defendants having at no time taken any effective action to prevent the NYPD and/or

police personnel from continuing to engage in such misconduct.

46.    Upon information and belief, defendants City of New York and/or NYPD and/or

NYPD had prior notice of the propensities of defendant NYPD personnel and/or police

officers and/or lack of training, but took no steps to train them, correct their abuse of

authority or to discourage their unlawful use of authority. The failure to properly train

said defendants included lack of instruction as to the proper procedure to protect citizens

who were threatened and/or assaulted by criminals.

47.    Upon information and belief, defendants City of New York and/or NYPD and

NYPD authorized, tolerated as institutionalized practices, and ratified the misconduct

herein before detailed by: (a) failing to properly discipline, restrict and control NYPD

and/or NYPD employees, supervisors, and supervisory staff of police officers including

those posted for patrol  (b) failing to take adequate precautions in the hiring, promotion

and retention of NYPD and/or police personnel, including specifically defendant NYPD

supervisors noted herein and/or police officers stationed at the precinct; (c) failing to

forward to the office of the District Attorney of Bronx County evidence of criminal acts

committed by the defendant police officers and/or detectives and withholding and/or

destroying evidence and/or failure to adequately investigate claims by Internal Affairs;

and (d) failing to establish and/or assure the functioning of a meaningful departmental

system for dealing with complaints of NYPD supervisors or employees and/or police

misconduct, and/or negligent failure to act to secure the safety of a citizen(s) and to prevent further violence to that citizen(s) but instead responding to such valid complaints of the plaintiffs supported by others and official denials calculated to mislead the public and actions taken to denigrate and punish the innocent citizen(s) who fastidiously took every step humanly possible to try to help. This conduct also constitutes negligence and/or gross negligence under state law.

48.    Plaintiff, JEANETTE JUSTO, daughter of MARIA PARAMO, her mother reside together, at 541 Union Avenue, Apt. 2D, Bronx, NY 10455.

49.    JEANETTE JUSTO, was present when the police specifically officer FRADERA without provocation attacked MARIA PARAMO as she was trying to exit BJS despite the fact that plaintiffs having paid in full for all of their purchases. JEANETTE JUSTO, during the unprovoked assault on her mother the plaintiff PARAMO, by the police called out to the police and was immediately beaten and arrested even though she and her daughter were lawfully at the entrance area of BJS and had not committed any crime or interfered with the police. The plaintiffs JUSTO and PARAMO were lawfully on the "sidewalk bridge." She was injured by the police officers, hitting them and then to throw them off of the sidewalk bridge.

50.    As set forth in the notice of claim, JUSTO her mother MARIA PARAMO 's injuries resulted from the negligence and/or other tortious acts and carelessness of the agents, employees, servants and/or police officers of the NYPD and/or of the co-defendant BJS.

51.    As set forth in the notice of claim JUSTO and her injured mother, MARIA

PARAMO, were not examined immediately by a doctor since they were still under arrest

and illegally detained.

52.    The incident which gave rise to plaintiffs' claim occurred on 3/14/11.  Plaintiffs

have made a formal complaint to the Civilian Complaint Review Board (CCRB).

THE CAUSES OF ACTION AGAINST THE NON-GOVERNMENT DEFENDANTS

BJ'S WHOLESALE CLUB, GATEWAY AND/OR BJ'S WHOLESALE CLUB a/k/a

BJ's Wholesale Club Inc. is located at 25 Research Drive, Westborough, Massachusetts

01581 and is a corporation on information and belief located in the State of

Massachusetts but licensed to do business with the Secretary of State of the State of New

York.

53.    BJ'S operates a retail store in the Bronx, NY located at 610 Exterior Street that is

owned and operated by the defendants BJ'S and sells various wares to the general public.

On 3/14/11, the plaintiffs after having been inside of the BJS store located at the

aforesaid address 610 Exterior St., Bronx, NY 10451 and after lawfully paying for the

items that they had purchased proceeded to leave the BJS Store. Immediately in front of

the exit door they were confronted by the NYPD Police Officer named in the instant

complaint Officer Fradera who on information and belief was under instructions from his

command to operate as a guard inside of a private enterprise BJS. The said officer was on

information nad belief also operating under instructions defendant BJS and/or

GATEWAY to monitor patrons of BJS and/or the GATEWAY store complex prior to the

time of exiting the BJS and without a warrant or probable cause to either search those

persons including the bags that contained purchases that they legally made and/or their

persons. Instructed to control the exit patterns of the patrons. On information and belief these instructions included searching customers from minority groups.

54.    In the instant case on 3/14/11 Officer Fradera undertook without probable cause or reason the search of the plaintiffs herein as to their bags and persons and permitted other customers to exit in front of the plaintiffs while detaining them. The plaintiff PARAMO complained to the officer and inquired as to why she was delayed and searched and why other customers were not delayed or searched and why the police (NYPD) was doing this job inside of BJs. PARAMO handed her bags to her daughter JUSTO and when she continued to complain to the police officer about the way he had mistreated her (the illegal stop and search and also improper language that he used) the police officer went to grab her as she was going out the door and followed PARAMO and JUSTO onto the sidewalk that extends between BJS and the GATEWAY parking lots and for all intents and purposes is a bridge. The police officer literally held PARAMO over the side of a bridge and if he had not maintained his grip she would have fallen 20 feet below and fallen to her death. The police officer called for backup and the police arrested them.

55.    On information and belief the actions taken against the plaintiffs by the police officers were prompted, promulgated by BJS and/or GATEWAY's policies and/or by the direct request of personnel, management by the said defendants BJS and GATEWAY.

56.    On information and belief both BJS and GATEWAY have requested that the NYPD and the District Attorney of Bronx County continue to prosecuted the plaintiffs. BJS and GATEWAY negligently and in violation of the plaintiffs' rights deliberately created a relationship and situation where they directed NYPD officers to make searches

and arrests in and about their premises in violation of law and then in order to avoid liability engaged defendant CITY and NYPD in a course of action where paying customers were deliberately searched, arrested, assaulted and prosecuted all under the guise of conducting a legitimate independent business.

57.    There are approximately a dozen video cameras that had the vantage point of the instant incident complained of but despite notice to the defendants. On information and belief only one video and only a portion of that video was saved by the defendants and the rest were deliberately destroyed and/or not preserved. That the now non-existent video tapes taken from different vantage points would have shown the entire incident and would have exonerated the plaintiffs of all charges and inculpated the defendants. the destruction and failure to preserve same has violated the plaintiff's rights, injured them and deliberately interfered with their ability to bring this case. The defendants were aware of the plaintiffs' complaint and the desire of the videos based on their notice of claim, the CCRB case filed by the plaintiffs, and their defense in the Criminal Court Bronx County laid out by their defense lawyers from the time of their arraignment which protested their innocence and alleged that their defendants were involved in invasive illegal activity that violated their constitutional rights and led to their illegal arrest, false imprisonment and subsequent malicious prosecution. Plaintiffs allege that just as the City/ NYPD failed to properly supervise, train and/or monitor its personnel and employees and/or to take adequate steps to protect their customers in this case to erect a safety fence above the said sidewalk bridges, that the defendants BJS and GATEWAY are similarly negligent, culpable and liable to the plaintiffs.

## FEDERAL CAUSES OF ACTION

58.    Each and every allegation set forth in Paragraphs "1" through "47" is incorporated herein by reference.

59.    The above described actions and omissions, engaged in under color of state authority by defendants, including defendants City, NYPD, and/or police officers, etc. responsible because of its authorization, condonation and ratification thereof for the acts of its agents, deprived plaintiffs of their rights secured to them by the Constitution of the United States, including, but not limited to their Fourth Amendment and First Amendment rights to be free from false arrest and imprisonment and their right to be free from unjustified and excessive force utilized by police, and their Eighth Amendment right to be free from cruel and unusual punishment and Fourteenth amendment right to due process and equal protection under the laws.

## PENDING CAUSES OF ACTION

60.    Each and every allegation set forth in Paragraphs "1" through "59" is incorporated herein by references.

61.    Plaintiffs filed a written Notice of Claim with defendant City of New York within 90 days after plaintiffs' claim arose, demanding adjustment and payment, as mandated by Section 50(e) of the General Municipal Law of the State of New York.

62.    More than 30 days have elapsed since service of such Notice of Claim and adjustment or payment thereof has been neglected or refused.

63.    This action has been commenced within one year after the termination of criminal proceedings against plaintiff pursuant to Section 215(8) of the New York CPLR and/or within one year and 90 days of the date of the incidents alleged in instant complaint

(arrest 3/14/11 subsequent prosecution in the Criminal Court of the City of New York,
Bronx County on Docket No. 2011BX015108 and 015110C/2011 dismissed on or about
3/14/11) and/or within one year and 90 days of the date of the incidents alleged in the
complaint on 3/14/11 and thereafter respectively pursuant to Section 50 of the General
Municipal Law of the City and State of New York.

64.    Both plaintiffs have membership cards with BJS for example Jeanette Justo's
BJ'S Membership since 2007 card number ends in -203. Her mother Ms. Paramo also has
a membership.

64.    The acts and conduct herein before alleged constitute negligence, assault and
battery, false arrest and imprisonment, malicious prosecution, defamation, prima facie
tort, and intentional infliction of emotional distress and the deliberate withholding of
and/or destruction of relevant evidence specifically video tapes and/or 911 calls and/or
Internal Affairs memos and the like of the occurrence under the laws of the State of New
York.

1.  Negligence
2.  False arrest
3.  False Imprisonment
4.  Intentional infliction of mental
    distress
5.  Prima facie tort
6.  Fraud
7.  Abuse of Process
8.  Filing a false complaint and/or attempt and/or conspire
to file false complaint, commit said illegal act
9.  Malicious Prosecution
10. Assault and Battery
11. Compensatory Damages
12. Punitive Damages

65.    That by reason of the aforesaid occurrence, and defendants' negligence
and the injuries which JEANETTE JUSTO and her mother PARAMO each

sustained thereby the plaintiffs' were made sick, sore, and disabled and were caused to suffer grievous pain and agony and mental anguish from the time of the incident 3/14/11 until the present and endured and continued to endure conscious pain and suffering, which resulted from said injuries sustained as aforesaid, all to their damage in the sum of One Million ($1,000,000.00) Dollars each individually against each of the individual defendants, each plaintiff has a separate and distinct claims for compensatory and/or punitive damages in the amount of one million ($1,000,000.00) dollars.

66.     This Court has pendent jurisdiction to hear and adjudicate those claims.

## ATTORNEYS' FEES

67.     Plaintiffs are entitled to an award of attorneys' fees, pursuant to 42 U.S.C. 1988 (b); 42 U.S.C. 1983.

**WHEREFORE**, plaintiffs individually demand the following relief, jointly and severally, against all the defendants: One million ($1,000,000.00) dollars against each defendant in negligence for false arrest, false imprisonment, assault, fraud, intentional infliction of mental distress, Prima facie tort, Abuse of Process, Filing a false complaint, malicious prosecution , etc. in favor of each individual claimant/plaintiff against each individual defendant; Punitive Damages $1,000,000.00 against each Defendant, Compensatory Damages $1,000,000.00 against each Defendant; in the amount of one million ($1,000,000.00) dollars in favor of each plaintiff against each defendant.

1. Negligence
2. False arrest
3. False Imprisonment
4. Intentional infliction of mental distress
5. Prima facie tort

6. Fraud

7. Abuse of Process

8. Filing a false complaint and/or attempt and/or conspiring to file a false complaint

9. Malicious Prosecution

10. Assault and Battery

11. Compensatory Damages

12. Punitive Damages

TOTAL AMOUNT CLAIMED: $24,200,000.00

A.    Tort Claims, one million ($1,000,000.00) dollars each against each defendant or million ($1,000,000.00) dollars.

B.    Each plaintiff has a claim for loss of consortium in the amount of one hundred thousand ($1,000,000.00) dollars.

C.    Compensatory damages in the amount of One Million ($1,000,000.00) Dollars against each defendant;

D.    Punitive damages in the amount of One Million Dollars against each defendant;

E.    Attorneys' fees pursuant to 42 U.S.C. 1988(b); 42 U.S.C. 1983; and

F.    For such other and further relief as to the Court deems just and proper.

DATED:    New York, New York
           March 12, 2012

Law Office of Stuart R. Shaw,

By: _____

Attorney for Plaintiffs
30 West 95th Street, 1st Fl
New York, NY 10025
(212) 661-6750
(212) 661-8594 FX

To:    Corporation Counsel of the City of New York,
Attorney for Defendants
100 Church Street, 4th Floor,
New York, N. Y. 10007

Comptroller of the
City of New York
C/O Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, N. Y. 10007

New York City Police Department
One Police Plaza
New York, N. Y. 10038-1497

POLICE OFFICER WESLEY FRADERA-. (Shield 14123, Tax No. 941018)
SERGEANT JOSEPH FAELLO- (TAX NO. 919019)
POLICE OFFICERS "JOHN DOES 1-5"
C/O New York City Police Department
One Police Plaza
New York, N. Y. 10038-1497
And
c/o 44th Precinct
2 East 169th Street
Bronx, NY 10452

BJ'S WHOLESALE CLUB, INC.
610 Exterior St., Bronx, NY 10451

and
25 Residence Drive,
Westborough, Massachusetts 01581,

GATEWAY CENTER MALL
A/K/A THE RELATED COMPANIES, INC.,
Gateway Center Operations (OCC),
610 Gateway Center Boulevard, Suite 100B,
Bronx NY 10451

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Dkt. No. 2012 CV  1833

(        ) (        )

In the Matter of the Claim of

MARIA PARAMO AND JEANETTE JUSTO

Plaintiffs,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT,
POLICE OFFICER WESLEY FRADERA
(Shield 14123, Tax No. 941018), SERGEANT
JOSEPH FAELLO (TAX NO. 919019), POLICE
OFFICER "JOHN DOE" 1-5, BJ'S WHOLESALE CLUB, INC. AND
GATEWAY CENTER MALL A/K/A THE RELATED
COMPANIES, INC.

Defendants.

## SUMMONS AND COMPLAINT

**STUART R. SHAW**
*Attorney for Plaintiffs*
**30 West 95th Street, 1st Fl**
**New York, NY 10025**
**(212) 661-6750**

*To:*
*Attorney(s) For:*

*Service of a copy of the within*                                               *is hereby admitted.*
*Dated: 3/12/12*

*Attorney(s) for Plaintiffs*

*Please Take Notice*

9                *that the within is a (certified) true copy of a*                          *entered in*

Notice          *the office of the clerk of the within named Court on*

19

of Entry

                *that an Order of which the within is a true copy will be presented for settlement to*

Notice of       *the Hon.*                                  *one of the judges of the within named Court,*

at

Settlement      *on*                          *19, at*                          *M.*

Dated: